UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ADRIAN SCOTT, an individual

    Plaintiff

v.

KEATH BARTYNSKI, an individual

    Defendant

Case No.        -CV-

Hon.:

| William F. Piper (P38636)<br>William F. Piper, PLC<br>Attorney for plaintiff<br>9848 Portage Rd.<br>Portage, MI 49002<br>Phone: 269.321.5008<br>Fasimle: 269.321.5009<br>wpiper@wpiperlaw.com | |

## COMPLAINT

The plaintiff Adrian Scott, by and through his attorney William F. Piper, PLC for his complaint, states as follows:

### JUDICIAL ALLEGATIONS

1.	The plaintiff, Adrian Scott, is an African American man who resides in the City of Albian, County of Kalamazoo, State of Michigan, and he resided there at all times relevant to this complaint.

2.	The defendant, Keath Bartynski, was, at all times relevant to this complaint, a police officer for the Emmett Township Police Department in Calhoun County.

3.	The events complained of occurred near the Goodwill Store at B Drive North in Emmett Township, County of Calhoun, on May 17, 2022.

4.	The events complained of were committed by the defendant under color of state law but not under a legitimate exercise of governmental authority.

5. The jurisdiction of this court arises under 29 USC §1331 and 28 USC §1343.

6. The claims in this case arise under 42 USC §1983.

7. Certain claims alleged herein arise under this court's supplemental jurisdiction to hear and decide state law claims arising out of the same transactions and occurrences as the federal law claims.

## COMMON ALLEGATIONS

8. The plaintiff restates and realleges, as though fully set forth herein, paragraphs 1-7 of this complaint.

9. On May 17, 2022 Mr. Scott worked for BC Hilltop, which was a car lot.

10. While riding with a tow truck driver for M&M Towing, which was towing a car for BC Hilltop, the tow truck driver received a call from his dispatch.

11. The tow truck driver's dispatch told the driver that it had just received a hot ticket call from Emmett Township about an auto accident.

12. The dispatcher instructed the driver to drop off the BC Hilltop car in the Meijer parking lot behind the Goodwill on B Drive North, lock the car, keep Mr. Scott in the tow truck with him, and proceed to the accident scene.

13. At the scene, Mr. Scott exited the tow truck on the hot day and conversed with Officer Frey, exchanging pleasantries.

14. Officer Frey did not issue any commands to Mr. Scott, including any direction not to talk to anyone.

15. There was no police tape marking the scene.

16. Mr. Scott saw an elderly lady standing by the side of the road looking into a car, and she appeared to be having trouble getting something out of the car.

17. Mr. Scott walked up and asked if she needed help and if she needed help and if she needed someone to help her.

18. The woman reacted positively to Mr. Scott.

19. Mr. Scott saw other people standing around the car and asked them if they were alright.

20. Then Officer Bartynski, who was sitting in his patrol car, opened his car door and, while seated in his car, angrily asked Mr. Scott what he was doing.

21. Mr. Scott indicated that he had been riding with the tow truck driver.

22. Officer Bartynski asked Mr. Scott, "Why are you talking to everybody?"

23. Officer Bartynski told Mr. Scott that it was none of his business and that he should not insert himself into the situation.

24. The officer added that he was about to be kicked off the "crime scene."

25. The officer told Mr. Scott to "get over there."

26. Mr. Scott then started walking over to the front of the tow truck from where he had come.

27. While doing so, Mr. Scott protested that he had been exercising his freedom of speech and that he was going to file a complaint about him.

28. Mr. Scott had not been interfering at all with whatever the defendant officer had been doing inside of his patrol car.

29. The defendant officer then got out of his car, angrily told Mr. Scott that it was not freedom of speech, it was a crime scene, and told Mr. Scott, who had been walking towards the tow truck, to turn around.

30. The defendant then handcuffed Mr. Scott and put him inside the tow truck.

31. The defendant told Mr. Scott that he was detaining him, despite having no reasonable cause whatsoever that Mr. Scott had committed any crime or was doing anything wrong.

32. The defendant, before putting Mr. Scott in the tow truck, but while Mr. Scott was handcuffed, searched Mr. Scott's pants pockets, withdrawing his cell phone and wallet.

33. The officer then put Mr. Scott's cell phone and wallet into his patrol car.

34. Mr. Scott continued protesting that he had done nothing wrong and demanded to speak to a sergeant.

35. The defendant officer then, while speaking to the tow truck driver and other officers, told them he was detaining Mr. Scott but would not be taking him to jail.

36. The defendant officer then told them that he would be releasing Mr. Scott, but because Mr. Scott had asked to talk to his sergeant, he would be keeping him detained.

37. After being handcuffed for about nine minutes for no reason, the defendant finally released Mr. Scott from handcuffs.

38. Mr. Scott was outraged by the blatant disregard for his civil rights by the defendant officer.

39. Mr. Scott was so humiliated and embarrassed by his detention/arrest while on the job that he felt he had to quit to maintain his mental health.

40. As a result of the above incident, Mr. Scott suffered and continues to suffer financial losses, loss of liberty, embarrassment, humiliation, fear, loss of self-esteem, and other damages.

**COUNT I – UNCONSTITUTIONAL DETENTION, ARREST, AND SEARCH CONTRARY TO THE FOURTH AMENDMENT**

42. The plaintiff restates and realleges, as though fully set forth herein, paragraphs 1-40 of this complaint.

43. The law is clearly established that a police officer has to have reasonable cause to believe that a person has committed, is committing, or is about to commit a crime before he can detain him.

44. The law is clearly established that, for a detention, even if it is a legitimate detention, an officer can only conduct a pat-down search of an individual and cannot conduct a full pocket search.

45. The law is clearly established that any officer has to have probable cause to arrest a citizen.

46. The defendant officer could not reasonably have believed that his conduct in detaining, handcuffing, and arresting Mr. Scott was within the constitutional limitations of the exercise of his authority under the Fourth and Fourteenth Amendments to the Constitution of the United States.

47. The acts of the defendant violated the clearly established rights of Mr. Scott to be free from the conduct described above.

48. As a result of the unconstitutional conduct set forth above, Mr. Scott has suffered and will continue to suffer the damages set forth above.

49. These claims are actionable under 42 USC §1983.

**WHEREFORE**, the plaintiff requests a judgment against the defendant for whatever amount is sufficient to compensate him for his damages, past and future, plus punitive damages, all recoverable interest, attorney's fees under 42 USC §1988, and any other relief this court deems fair and just.

## COUNT II – FIRST AMENDMENT VIOLATIONS

50. The plaintiff restates and realleges, as though fully set forth herein, paragraphs 1-49 of this complaint.

51. It is clearly established that a police officer cannot retaliate against a private individual by detaining him or arresting him because he is exercising his right to free speech and because he questions or protests the actions of a police officer.

52. It is also clearly established that a police officer cannot prolong the detention or the arrest of an individual because the individual protests or questions the conduct of a police officer.

53. By detaining and arresting Mr. Scott because he exercised his right to freedom of speech and protested the actions of the police officer, the defendant violated Mr. Scott's First Amendment rights.

54. As a result of the conduct set forth above, Mr. Scott has suffered and will continue to suffer the damages set forth above.

55. This claim is actionable under 42 USC §1983.

**WHEREFORE**, the plaintiff requests a judgment against the defendant for whatever amount is sufficient to compensate him for his damages, past and future, plus punitive damages, all recoverable interest, attorneys' fees under 42 USC §1988, and any other relief this court deems fair and just.

## COUNT III – INTENTIONAL TORTS

56. The plaintiff restates and realleges, as though fully set forth herein, paragraphs 1-55 of this complaint.

57. The actions of the defendant described above constitute a false arrest, a battery, and false imprisonment.

58. As a result of the actions described above, the plaintiff has suffered the damages described above.

**WHEREFORE**, the plaintiff requests a judgment against the defendant for whatever amount is sufficient to compensate him for his damages, past and future, plus costs, all recoverable interest, attorney's fees, and any other relief this court deems fair and just.

Dated: September 16, 2024                              WILLIAM F. PIPER
                                                                            Attorney for the plaintiff

                                                                            */s/ William F. Piper*
                                                                            William F. Piper
                                                                     BUSINESS ADDRESS
                                                                            1611 W. Centre Ave., Ste. 209
                                                                            Portage, MI  49024